UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION

| | |
|---|---|
| BARBARA ROSE, Surviving Sister of MORRIS MALTZMAN, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> BLAISE SCHAUER and YRC, INC. <br><br> Defendants. | Civil Action No. 4:12-CV375 |

## ANSWER

Defendants Blaise Schauer and YRC, Inc. ("YRC"), by and through counsel, answer the numbered paragraphs of Plaintiffs' Complaint as follows:

1.  Defendants lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained within Paragraph 1, and as such deny same.

2.  Admitted.

3.  It is admitted that YRC is a Delaware corporation with its principal place of business in Kansas and that it conducts business in Scott County, Missouri. Except as admitted, the allegations of Paragraph 3 are denied.

4.  Admitted.

5.  Defendants admit that Morris Maltzman was pushing a disabled vehicle around Interstate 55 when the accident occurred, and that the YRC vehicle involved with the accident was being operated by Blaise Schauer. Except as admitted, the allegations of Paragraph 5 are denied.

6.  Denied.

7. Denied.

8. Denied.

9. Denied.

### FIRST AFFIRMATIVE DEFENSE

For their affirmative defense, Defendants state hypothetically and in the alternative, without admitting any facts alleged in Plaintiffs' Petition, and while continuing to deny same, that any and all injuries or damages alleged to have been sustained by any Plaintiff were sustained as a direct result of their decedent Morris Matlzman's negligence contributing thereto, including, but not limited to:

    a. Decedent Morris Maltzman allowed his vehicle to stop suddenly in a lane reserved for traffic;

    b. Decedent Morris Maltzman failed to activate his hazards or any lighting on the vehicle stopped in the lane reserved for traffic;

    c. Decedent Morris Maltzman left a place of safety for a place of danger;

    d. Decedent Morris Maltzman assumed the risk of danger.

### SECOND AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that any damages alleged to have been sustained by Plaintiffs occurred as a result of intervening causes beyond the control of Defendants and Defendant Blaise Shauer's conduct was reasonable under the circumstances.

### THIRD AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that due to the circumstances caused by Plaintiff's decedent the accident was unavoidable.

### FOURTH AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that Defendants believe that Barbara Rose may not be the proper party to bring this lawsuit and reserve the right to question the standing validity of the lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that Plaintiffs' claims for punitive damages are barred by the applicable provisions, including the due process clauses, in the United States Constitution. Plaintiffs are not entitled to an award of exemplary or punitive damages against defendants, because an award of such damages in this case would be inappropriate, contrary to the purposes for which such damages may be allowed, contrary to public policy, inherently unfair and would deny defendants their right to equal protection of law and due process of laws guaranteed by the Constitution of the United States. Furthermore, defendants did not engage in any intentional, reckless, careless, grossly negligent, wanton and willful, or any other act or omission, or as otherwise pled by plaintiffs as to give rise to any claim of punitive damages or any other form of damages. Punitive damages are not warranted in this action because even if the defendants were negligent,

which is expressly denied, defendants' acts or omissions do not rise to the level supporting the imposition of punitive damages in that, among other things, it cannot be shown by clear and convincing evidence that the defendants' conduct was in complete indifference to or conscious disregard for the safety of others.

Notwithstanding that punitive damages are not warranted as set forth above, to the extent punitive damages are awarded, any such award must be capped pursuant to Mo. Rev. Stat. § 510.265 (2006) as well as the Due Process requirements laid out by the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003). If not, any such award against defendants will violate the rights guaranteed to defendants by the Constitution of the United States or the Constitution of the State of Missouri for the following reasons:

a. Any award of punitive damages violates the prohibition against the excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the States by way of the due process clause of the Fourteenth Amendment of the Constitution of the United States, and to the extent applicable the Constitution of the State of Missouri.

b. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States or similar provision of the Constitution of the State of Missouri because of, including but not limited to, a lack of objective guidelines upon which a jury might base its award and further, that such guidelines as do exist are arbitrary and void for vagueness.

Plaintiffs fail to state a claim upon which relief may be granted for punitive damages because plaintiffs cannot establish by clear and convincing evidence that defendants engaged in conduct sufficient to trigger such a claim.

### SIXTH AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that to the extent that plaintiff seeks punitive damages for conduct that occurred outside of Missouri, this Court is without jurisdiction to award punitive damages for any such conduct under the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that if the Court awards punitive damages against Defendants such damages are subject to a cap of $500,000 or five times the net amount of the judgment awarded to Plaintiffs pursuant to RSMo § 510.265.

### EIGHTH AFFIRMATIVE DEFENSE

For its further affirmative defense, Defendants state hypothetically and in the alternative, without admitting any allegations contained in Plaintiffs' Petition, and while continuing to deny same, that the applicable three year statute of limitations is a bar to this claim. RSMo §537.100.

### NINTH AFFIRMATIVE DEFENSE

For their affirmative defense, Defendants state hypothetically and in the alternative, without admitting any facts alleged in Plaintiffs' Petition, and while continuing to deny same,

that any and all injuries or damages alleged to have been sustained by any Plaintiff were sustained as a direct result of their decedent Morris Matlzman's assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE

Pursuant to Federal Rule of Civil Procedure 42(b), Defendants request a separate trial on the issue of punitive damages.

WHEREFORE, defendants demand judgment as follows:

1. That all claims against defendants be dismissed with prejudice;

2. That all costs of this action be taxed upon plaintiffs;

3. That this action be tried by a jury;

4. That defendants be awarded attorneys' fees to the extent authorized by law; and

5. That the Court award such other and further relief as the Court deems just and proper.

This the 1st day of March, 2012.

        /s/ Jeffrey K. Suess
Jeffrey K. Suess
Rynearson, Suess, Schnurbusch &
   Champion, LLC
#1 South Memorial Drive, 18th Floor
St. Louis, MO 63102
Phone: (314) 421- 4430
Fax: (314) 421- 4431
*Attorneys for Defendants*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law licensed to practice in the State of Missouri, is attorney for Defendants and is a person of such age and discretion as to be competent to serve process.

That on March 1, 2012, he served a copy of the foregoing **ANSWER** via electronic filing, or if not an electronic filer, by placing said copy in a postage prepaid envelope addressed to counsel hereinafter named, and by depositing said envelope and its contents in the United States Mail.

**ADDRESSEE:**

Dwayne A. Johnson, Esquire
The Johnson Law Firm
220 Salt Lick Road
St. Peters, MO  63376
*Attorney for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey K. Suess
　　　　　　　　　　　　　　　　　　　　　　Jeffrey K. Suess
　　　　　　　　　　　　　　　　　　　　　　Rynearson, Suess, Schnurbusch &
　　　　　　　　　　　　　　　　　　　　　　　　Champion, LLC
　　　　　　　　　　　　　　　　　　　　　　#1 South Memorial Drive, 18th Floor
　　　　　　　　　　　　　　　　　　　　　　St. Louis, MO 63102
　　　　　　　　　　　　　　　　　　　　　　Phone: (314) 421- 4430
　　　　　　　　　　　　　　　　　　　　　　Fax: (314) 421- 4431
　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*